(9 App. Div. 622)

### SHORTSLEEVES v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. September 22, 1896.)

EXCESSIVE DAMAGES—PERSONAL INJURIES.

A verdict for $3,500 for injuries resulting in permanent lameness is excessive, where it appears that plaintiff continued in the employ of defendant, doing the same general kinds of work, for about a year after the accident, without seeking the advice of a physician, and that he can still do most kinds of work that he could do before the accident.

Appeal from trial term.

Action by Prosper Shortsleeves against the New York Central & Hudson River Railroad Company for personal injuries. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed on condition.

Argued before PARKER, P. J., and LANDON, HERRICK. MERWIN, and PUTNAM, JJ.

R. A. Parmenter, for appellant.

Parker & Fiero (J. Newton Fiero, of counsel), for respondent.

PER CURIAM. The plaintiff was injured July 5, 1889, by the wheel of the hand car upon which he was riding slipping off and causing the car to upset and precipitate him to the ground. And it is claimed that the injury received at that time has resulted in the permanent lameness of one of his legs. The jury rendered a verdict of $3,500. The plaintiff went to work the next morning after the accident, and continued to work until November of that year, when he ceased working for the defendant. He resumed work again in April, 1890, and worked for the company until November of the year 1890. In November of 1889 or 1890, it is not clear which, he sustained another injury, which, however, he claims was to the other leg. It also appears that he had been slightly lame for a number of years prior to the happening of either accident. It does not appear in the case that he ever had the attendance of any physician for the injury complained of, or ever consulted one in reference thereto, until about two months before this action came to trial, a period of about six years after the happening of the accident.

There is, perhaps, sufficient evidence of negligence to warrant the jury in finding the defendant liable, and we would not, perhaps, be justified in setting aside the verdict because of the insufficiency of the evidence of negligence. No question of law is argued before us by the appellant as a reason for the reversal of the judgment, but the evidence as to the injuries to the plaintiff we do not think warrant the rendition of so large a verdict as was given in this case. Assuming that the accident complained of was of a permanent nature, it is not one that creates a total disability, but only a partial disability. It appears that he continued in the employment of the defendant, doing the same general kinds of work, for a considerable period after the accident, and that he did not consider his injuries of sufficient consequence to warrant him in seeking the advice of a physician, and, so far as we can determine from the evidence, he is fully as competent to perform most of the kinds of labor that he had been performing

for the defendant, as he had been for some time before the happening of the accident complained of. Without discussing the evidence at any length, it seems to us that the verdict is excessive, and should be either reduced or set aside.

If the plaintiff, within 30 days after the service of a copy of the order herein directed upon him, stipulates to reduce the judgment to the sum of $1,500, then the judgment appealed from is affirmed, without costs of this appeal to either party. If the plaintiff shall fail to so stipulate, then the judgment is reversed, and a new trial granted, costs to abide the event.